IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kendris Richard Brown, ) | Case No.: 4:24-cv-04987-JD-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Michael Robinson; Florence County ) | |
| Police Department; Prosecutor ) | |
| Clemons; Judge Michael Nettles; ) | |
| Public Defender Henry Skip McDuffie; ) | |
| Johnathen Waller, Attorney; Wanda ) | |
| Carter; Scott Floyd, Public Defender; ) | |
| Cathy Elmore, Public Defender, and ) | |
| Steven Deberry, III, Attorney, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 33), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Kendris Richard Brown's ("Plaintiff" or "Brown") pleadings.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Brown, proceeding *pro se* and *in forma pauperis*, sued Defendants Michael Robinson; Florence County Police Department; Prosecutor Clemons; Judge Michael Nettles; Public Defender Henry Skip McDuffie; Johnathen Waller, Attorney; Wanda Carter; Scott Floyd, Public Defender; Cathy Elmore, Public Defender, and Steven Deberry, III, Attorney (collectively "Defendants'). Brown alleges the Florence County Police Department illegally detained him. (DE 1 at 6.) He claims he was illegally questioned, falsely arrested, detained, and imprisoned, and wrongfully convicted. (*Id.* at 6–7.) Plaintiff alleges it was recently proven that he was innocent after 13 years of harsh slavery because of false, reckless, and fraudulent evidence, and corrupted government officials (*id.*), and he seeks his immediate release (DE 1-1) and over "$3,744 zillion dollars (sic)." (DE 1 at 7.)

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915 and under a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, on January 23, 2025, the Magistrate Judge issued the Report based on an initial review of the pleadings. The Report recommends dismissing Plaintiff's complaint without service of process because Plaintiff cannot cure the deficiencies in the complaint, and an amendment would therefore be futile. (DE 33 at 6.) Specifically, the Report states:

- Plaintiff asserts false arrest, illegal detention, malicious prosecution, and wrongful conviction claims against Defendants Florence Police Department Investigator Michael Robinson, Florence County Police Department, Prosecutor Clemons, Judge

Michael Nettles, Public Defender Henry Skip McDuffie, Attorney Johnathen Waller, Attorney Wanda Carter, Public Defender Scott Floyd, Public Defender Cathy Elmore, and Attorney Steven Deberry, III. Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. The undersigned finds Plaintiff has failed to allege sufficient facts in his Complaint to state any claim against these Defendants.

- As to Plaintiff's claims against Judge Michael Nettles, it is well-settled that judges have absolute immunity from a claim arising out of their judicial actions.

- Prosecutors also have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. The allegations in Plaintiff's Complaint concern Prosecutor Clemons' actions during Plaintiff's judicial proceedings, accordingly Plaintiff's claims are barred by prosecutorial immunity.

- Plaintiff has failed to allege any factual allegations in his Complaint to state a plausible claim against Defendants Public Defender Henry Skip McDuffie, Attorney Johnathen Waller, Attorney Wanda Carter, Public Defender Scott Floyd, Public Defender Cathy Elmore, and Attorney Steven Deberry, III. Accordingly, these defendants should be summarily dismissed. To the extent these defendants served as Plaintiff's attorneys during his criminal prosecution, public defenders and private attorneys do not act under the color of federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983.

- Because Plaintiff fails to demonstrate he has successfully challenged his convictions, *Heck* bars his claims. The undersigned recommends Plaintiff's monetary damages claims be summarily dismissed. The undersigned also recommends that Plaintiff's request that he be released from prison be summarily dismissed as release from detention is not relief available in a civil rights action.

3

(DE 31) (citations omitted.) On February 1, 2025, Plaintiff objected to the Report. (DE 35.)

## C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## D. Plaintiff's Objections

Brown states that he was "illegally detained due to Florence County Police Department unlawful acts" and "that it was proven that [he is] innocent, which [his] witness can confirm." (DE 37 at 1.) Further, Brown contends he has satisfied the requirement in *Heck* v. *Humphrey*, 512 U.S. 477 (1994), requiring that his "sentence has been reversed on direct, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination," because "receiv[ed] a pardon." (*Id.*) However, Plaintiff's objection does not address his failure to demonstrate a

4

successful challenge to his convictions. Instead, Plaintiff claims he was pardoned by Governor McMaster in 2024 on his first-degree murder and burglary charges, but he has not provided enough information in support of this claim. Instead, he provided an affidavit stating he had a cell phone video call with Governor McMaster, which was witnessed by Kim Kardashian and Elon Musk, in which Governor McMaster dismissed his first-degree murder and burglary charges and removed these charges since he was proven innocent. (DE 30.) Nevertheless, a review of the South Carolina Department of Corrections inmate database shows Plaintiff is still serving sentences for first-degree burglary and murder convictions.[2] (DE 33 at 5-6.) Therefore, Plaintiff's objection is overruled.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 33) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's supplemental complaint (DE 1) is dismissed without prejudice.

---

[2] *See* https://public.doc.state.sc.us/scdc-public/inmateDetails.do?id=%2000355055 (last visited Apr. 2, 2025.) *See also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.)

**IT IS SO ORDERED**.

_Joseph Dawson, III_ (signature)
Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 3, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.